IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMIE LEE KENNEDY,** | : | |
| Petitioner, | : | **CIVIL NO. 1:CV-05-2516** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **USP Allenwood Warden,** | : | |
| Respondent. | : | |

## M E M O R A N D U M

### I.   Introduction

Petitioner, Jimmie Lee Kennedy, an inmate confined at the United States Penitentiary-Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, commenced this pro se action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Named as Respondent is the Warden at USP-Allenwood. For the following reasons, the petition will be dismissed without prejudice.

### II.   Background

Petitioner states that on December 1, 1995, he was convicted in the United States District Court for the District of Columbia of "Hobbs Act robbery . . . ; using a firearm during a crime of violence . . . ; possession of a firearm by a convicted felon; [and] assault on a police officer." (Doc. 1 at 1.) As a result of the conviction, on January 15, 1997, Petitioner was sentenced to "five concurrent life terms on the federal charges, and 20 months on the assault charges." (Doc. 2 at 5.) On January 16, 1998, the United States Court of Appeals for the District of Columbia affirmed in part and reversed in part, and on October 5, 1998 the United States Supreme Court denied certiorari. Thereafter, Petitioner filed a motion for relief under 28 U.S.C. § 2255, and the motion was denied on January 23, 2001. The D. C. Court of Appeals subsequently denied a certificate of appealability.

Petitioner filed the present petition for habeas relief under 28 U.S.C. § 2241 on December 6,

2005. He claims that: (1) the Government failed to prove service of the information beyond a reasonable doubt (Doc. 2 at 6); (2) Petitioner is actually innocent of the "non-capital sentence" (Id. at 7); (3) Petitioner is actually innocent of the crimes charged in the indictment (Id. at 10); (4) he suffered a miscarriage of justice during the sentencing phase of his trial (Id. at 12); (5) there were irregularities and improprieties in the indictment (Id. at 13); (6) the federal court lacked jurisdiction (Id. at 14); (7) his sentence was improperly enhanced (Id. at 16); (8) his right of confrontation was denied (Id. at 19); (9) he suffered miscarriage of justice "with respect to the unconstitutionality of armed career and career offender act and statute" (Id. at 20); (10) application of 18 U. S. C. § 3559(c) is fundamentally unfair and unconstitutional (Id. at 23); and (11) trial counsel and appellate counsel were ineffective (Id. at 25.)

**III.   Discussion**

**A.  Summary Dismissal of Petition**

Habeas corpus petitions brought under both §2254 and § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen

court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141. The Petitioner has prepared his petition pro se, and this Court is mindful that "such petitions are to be liberally viewed with tolerance and forbearance." Allen, at 142. However, even the most liberal interpretation of Petitioner's document does not salvage this case.

### B.  Unavailability of Section 2241

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, the Petitioner's proper avenue of relief is a § 2255 motion filed in the district court where he was convicted, see United States v. Hatcher, 76 F. Supp. 2d 604, 606 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

The United States Court of Appeals for the Third Circuit has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Brooks, 230 F.3d at 648 (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). A habeas petitioner bears the burden of proving that § 2255 is inadequate or ineffective to test the legality of his conviction. Reyes-Requena v. U.S., 243 F.3d 893, 901 (5th Cir. 2001). However, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements and limitations of the section, or that he has been denied

permission to file a second or successive petition.   In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming the unavailability of a further § 2255 motion from the specific language of the Code, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements and limitations of the section.  Dorsainvil, 119 F.3d at 251.  If he has sought such permission, and been denied, then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[1]  If permission has not been sought, he must do so under § 2244(b)(3)(A).[2]  At best, Petitioner has only alleged a personal inability to utilize the § 2255 remedy. Although he claims that § 2255 is inadequate or ineffective to test the legality of his detention "because the [D.C.] District Court . . . interpreted and applied § 2255 . . . in a manner that precludes all consideration for an illegal detention that would other [sic] be cognizable under §§ 2241- -2255" (Doc. 2 at 29), he does not provide any support for his contention, and the Court is unaware of any.  Thus, the Court will summarily dismiss this § 2241 petition.  An appropriate order follows.

## IV.   Order

**AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED**

---

[1] 28 U.S.C. § 2244(a) states:
   "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[2] 28 U.S.C. § 2244(b)(3)(A) states:
   "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

**THAT:**

1. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED**, without prejudice to any right Petitioner may have to move in the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for issuance of a certificate of appealability.

                                                                  S/ Yvette Kane  
                                                               YVETTE KANE  
                                                               United States District Judge

Dated: January 17, 2006